|  |  |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF ARIZONA |

Harvey Gass,  )  No. CV 06-2715-PHX-ROS (ECV)
)
    Petitioner,  )  **REPORT AND RECOMMENDATION**
)
vs.  )
)
)
Dora Schriro, et al.,  )
)
    Respondents.  )
)
_____)

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

    Petitioner Harvey Gass has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he challenges his state court convictions for sexual conduct with a minor and child molestation. Doc. #1.

## BACKGROUND

    Following a jury trial in Maricopa County Superior Court in 2001, Petitioner was convicted of four counts of Sexual Conduct with a Minor and two counts of Molestation of a Child. Doc. #1, Attachments (Minute Entry dated 6/22/01). At the sentencing hearing on June 22, 2001, Petitioner received two terms of imprisonment for life, two 20-year prison terms and two 17-year prison terms, some of which are to run consecutively and some concurrently. Id. Petitioner filed a direct appeal and on May 9, 2002, the Arizona Court of Appeals affirmed the convictions and sentences in a Memorandum Decision. Doc. #1, Attachments (Court of Appeals Memorandum Decision). Petitioner filed a petition for

1 review in the Arizona Supreme Court which was denied on January 7, 2003. Doc. #1,
2 Attachments (Notice from Arizona Supreme Court dated January 9, 2003).

3 On June 4, 2004, Petitioner, through counsel, filed a Petition for Post-Conviction
4 Relief. Doc. #19, Exh. B. The trial court dismissed the petition in an order filed on October
5 5, 2004. Doc. #1, Attachments (Minute Entry dated 9/30/04). Petitioner filed a Petition for
6 Review to the Arizona Court of Appeals, which was denied on September 1, 2005. Doc. #1,
7 Attachments (Court of Appeals Order dated September 1, 2005). Petitioner's subsequent
8 Petition for Review to the Arizona Supreme Court was denied on March 14, 2006. Doc. #1,
9 Attachments (Notice from Arizona Supreme Court dated March 15, 2006).

10 Petitioner, through counsel, filed his Petition for Writ of Habeas Corpus in this court
11 on November 13, 2006. Doc. #1. Petitioner alleges two grounds for relief: (1) that his trial
12 attorney provided ineffective assistance of counsel in violation of the Sixth Amendment by
13 failing to present evidence of Peyronie's Disease, a bent penis condition that Petitioner
14 suffers from; and (2) that his trial attorney provided ineffective assistance of counsel in
15 violation of the Sixth Amendment by failing to present expert testimony to rebut the State's
16 DNA evidence. Respondents filed an Answer to Petition for Writ of Habeas Corpus on April
17 20, 2006. Doc. #14. Petitioner filed a Reply in Support fo Petition for Writ of Habeas
18 Corpus on May 29, 2007. Doc. #21.

19 **DISCUSSION**

20 Respondents concede in their answer that Petitioner's habeas petition is timely and
21 that he properly exhausted his state court remedies. They argue, however, that Petitioner has
22 failed to establish he received ineffective assistance of counsel and therefore the claims
23 should be rejected on the merits. Petitioner claims that he has presented sufficient
24 information to show that his trial attorney performed deficiently and that but for the
25 attorney's errors the result of the trial would have been different. Alternatively, Petitioner
26 contends that he should be granted an evidentiary hearing.

27
28

**A.     Merits Analysis**

**1.     AEDPA Standard of Review**

Under the AEDPA[1], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

**2.     Legal Standard for Ineffective Assistance Claims**

The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] Antiterrorism and Effective Death Penalty Act of 1996.

- 3 -

1 proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-88.  There is a strong
2 presumption that counsel's conduct falls within the wide range of reasonable assistance.
3 <u>Strickland</u>, 466 U.S. at 689-90.

      **3.**     **Ground One**

Petitioner contends that his trial attorney provided ineffective assistance of counsel when he failed to introduce evidence of Petitioner's bent penis condition, known as Peyronie's disease.  Petitioner contends that such evidence would have undermined the victim's credibility because she made no mention of this significant deformity in her statements to police.  Additionally, he claims such evidence would have established that he would have suffered extreme pain if he had engaged in the sexual conduct for which he was convicted, making it less likely that he committed such acts.

Petitioner presented this claim in his state petition for post-conviction relief and the trial court judge addressed it.  The trial court applied the <u>Strickland</u> ineffective assistance test and found that Petitioner failed to meet either prong of the test.  The court stated that defense counsel's performance was "not sub-par" and that "the defense associated with the defendant suffering from Peyronie's disease, to be charitable, is rather thin."  Doc. #1, Attachments (Minute Entry dated 9/30/04).  The judge went on to say that the proffered evidence regarding Petitioner's condition does nothing to persuade the court that the outcome would have been different if defense counsel had presented such evidence.  <u>Id.</u>

Petitioner presents affidavits from a physician, himself and his wife to support his claim, all of which were presented to the state court on post-conviction relief.  The physician's affidavit reflects that Petitioner has Peyronie's disease in that his penis has an abnormal curvature of approximately 30 degrees.  Doc. #21, Exhibit 2. The doctor notes that Petitioner, during the examination on April 22, 2004, complained of "fullness in his penis during an erection as well as an inability to have intercourse."  <u>Id.</u>  The doctor's report does not show Petitioner complained of pain during an erection.  In an affidavit from Petitioner's wife dated June 3, 2004, she states that after the accident that caused this condition, Petitioner did "appear to be in pain as a result of his erections" and "was in obvious pain

1 when [she] attempted to stimulate his penis." Doc. #21, Exh. 4. She further states that as a result, they gave up all attempts to engage in sexual activity. Id. In Petitioner's affidavit,[2] he contends that after an air compressor was dropped on his groin area in March 2000, his penis was bent. Doc. #19, Exh. B. He further claims that he attempted sexual intercourse with his wife after the accident but the pain from an erection prevented it. Id.

Petitioner has failed to meet the standard for habeas relief on this claim. First, Petitioner has presented no evidence that he even informed his trial attorney about his bent penis condition. Although Petitioner's counsel alleges in ground one of the habeas petition that Petitioner asked his lawyer to present such evidence, he provides no evidence to establish that fact. Petitioner's own affidavit is silent on whether he told his lawyer of his condition, as is his wife's affidavit. Moreover, Petitioner fails to provide an affidavit from the lawyer indicating that he was told of the condition. Obviously, a lawyer cannot be held responsible for presenting evidence such as this if he knew nothing about it. Petitioner has offered nothing to establish that his lawyer knew about the condition and decided not to present evidence of it.

Second, even if Petitioner could present evidence that his lawyer knew of the condition, he has not established that the decision to omit such evidence constitutes ineffective assistance of counsel. The court does not agree that evidence of Petitioner's condition undermines the victim's credibility given her failure to mention to police that his penis was bent. Surely an 11-year-old victim cannot be expected to identify such a condition. Her failure to do so in no way reduces the likelihood that she was telling the truth.

Additionally, the court disagrees with Petitioner's contention that such evidence would have convinced the jury that sexual conduct with his granddaughter would have been extremely painful, thus making it less likely he engaged in such conduct. The jury clearly believed the victim's statements to police about Petitioner's conduct and rejected Petitioner's

---

[2] Petitioner did not attach his affidavit to his habeas petition or reply but it was attached as an exhibit to his state petition for post-conviction relief, which Respondents provided with their answer.

- 5 -

1  testimony. There is no reason to believe the jury would have accepted additional self-serving
2  testimony from Petitioner that he could not have done the acts alleged because having an
3  erection caused him pain. This court agrees with the state trial court decision that presenting
4  such evidence would not have affected the outcome of the trial.

5  Petitioner, therefore, has not demonstrated that the trial court's order on post-
6  conviction relief regarding the claim in ground one was contrary to, or an unreasonable
7  application of, clearly established federal law as determined by the United States Supreme
8  Court or that the order was based on an unreasonable determination of the facts. This court
9  will therefore recommend that Petitioner's claim in ground one be denied.

**4.  Ground Two**

Petitioner contends in ground two that his trial attorney provided ineffective assistance of counsel by failing to present an expert witness to challenge the State's DNA evidence. He claims that a DNA expert would have undermined the only physical evidence provided by the State to establish guilt. Respondents argue that the State's DNA witness acknowledged the limitations of the DNA evidence and that Petitioner's trial counsel conducted a thorough cross-examination in which he highlighted the problems. Respondent contends that Petitioner has not shown a defense DNA expert would have changed the outcome of the trial.

Like his first claim, Petitioner presented this claim in his state petition for post-conviction relief. The trial court found that defense counsel's performance was "not sub-par" and that "[d]efense counsel conducted a thorough and adequate examination of the State's DNA expert at trial." Doc. #1, Attachments (Minute Entry dated 9/30/04). The court added that the defendant's proffered DNA evidence does not persuade the court that the outcome would have been different if defense counsel had presented such evidence. Id. The court found that the proof at trial was compelling. Id.

The proffered DNA evidence referenced by the state trial judge is a report from Simon Ford, Ph.D., dated May 26, 2004. Doc. #1, Appendix Attachment C. Regarding the State's evidence that a stain containing a mixture of Petitioner's and the victim's DNA was found

- 6 -

1 on the victim's panties, Dr. Ford raised several concerns. He stated that other bodily fluids 2 could be responsible for the substance that the State's expert concluded was Petitioner's 3 saliva on the victim's panties and that the mixture of DNA could be a result of co-laundering. 4 Dr. Ford also states that the statistical calculation regarding Petitioner's DNA on the panties 5 may have been overstated.

6 The State's expert addressed the first issue at trial. As Respondents point out in their 7 answer, the expert explained why the stain likely contained Petitioner's saliva rather than 8 some other bodily fluid. He conceded that amylase, a substance that is present in saliva, is 9 also present in other bodily fluids but to a much lesser degree. Because Petitioner's counsel 10 elicited this concession on cross-examination, the court agrees that retaining an expert to say 11 the same thing would not have made a difference. Similarly, the court agrees with the state 12 court that testimony regarding co-laundering as a potential cause of mixed DNA and that the 13 statistical calculation may have been overstated[3] would not have affected the outcome.

14 Dr. Ford also raised issues regarding the DNA evidence taken from Petitioner's penis. 15 Doc. #1, Appendix Attachment C. He states that the lab reports show only Petitioner's DNA 16 and not the victim's. Id. However, the State's expert testified that although he found a 17 mixture of Petitioner's and the victim's DNA on Petitioner's penis, he conceded that the 18 amount contributed by the victim was minor and below a level at which a match can be 19 reported under Department of Public Safety guidelines. As a result, he acknowledged that 20 the victim was a possible contributor to the mixture and could merely not be excluded as a 21 match. Petitioner's counsel elicited this information on cross-examination of the State's 22 expert. Again, the court agrees with the state court that a defense expert to highlight the 23 same limitations that the State's expert conceded would not have made a difference in the 24 outcome.

25

26 [3] Petitioner presents nothing more on this issue besides Dr. Ford's opinion that "a 27 statistical calculation of this type may be inappropriate and could overstate the strength of the evidence." Doc. #1, Appendix Attachment C. Dr. Ford recommends having a qualified 28 statistician produce an independent estimate, which Petitioner has apparently not done.

- 7 -

1    For these reasons, Petitioner has not demonstrated that the trial court's order on post-conviction relief regarding the claim in ground two was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or that the order was based on an unreasonable determination of the facts. This court will therefore recommend that Petitioner's claim in ground two be denied.

Finally, the court finds no basis to hold an evidentiary hearing in this matter. The evidence Petitioner claims his trial lawyer should have presented would not have affected the outcome and therefore an evidentiary hearing to present such evidence would be futile.

**B.    Conclusion**

Having concluded that Petitioner has failed to meet the standard for habeas relief in grounds one and two of his petition, the court will recommend that the petition be denied.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,

///
///
///
///
///

1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 19th day of November, 2007.

Edward C. Voss
United States Magistrate Judge