IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harvey Gass,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　　Respondents. | No. CV 06-2715-PHX-ROS<br><br>**ORDER** |

On November 11, 2007, Magistrate Judge Edward C. Voss issued a Report and Recommendation ("R&R") recommending the Petition for Writ of Habeas Corpus be denied (Doc. 24). For the reasons below, the R&R will be adopted.

**Background**

Petitioner was convicted of four counts of Sexual Conduct with a Minor and two counts of Molestation of a Child. At the sentencing hearing on June 22, 2001, Petitioner received two terms of imprisonment for life, two 20-year prison terms, and two 17-year prison terms, some of which are to run consecutively and some concurrently.

The R&R sets forth the procedural history of this case and neither party objected to that background. The Court adopts the procedural history of the R&R as an accurate recital.

Petitioner alleges two grounds for relief in his Petition. First, he argues that his trial attorney provided ineffective assistance in violation of the Sixth Amendment by failing to

1 present evidence of Peyronie's Disease, a bent penis condition from which Petitioner suffers.
2 Second, he contends that his trial attorney provided ineffective assistance in violation of the
3 Sixth Amendment by failing to present expert testimony to rebut the State's DNA evidence.
4 The Magistrate Judge recommended that the Petition be dismissed on both grounds.
5 Petitioner timely filed objections. After a *de novo* review of the record, the Court will adopt
6 the Magistrate Judge's recommendations.

**Standard**

8 A "district judge may refer dispositive pretrial motions, and petitions for writ of
9 habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend
10 dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B);
11 Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and
12 file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make
13 a *de novo* determination of those portions of the report or specified findings or
14 recommendations to which objection is made." Id. A district judge "may accept, reject, or
15 modify, in whole or in part, the findings or recommendations made by the magistrate." 28
16 U.S.C. § 636(b)(1).

17 Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court
18 "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits
19 in State court proceedings" unless the State court decision (1) "was contrary to, or involved
20 an unreasonable application of, clearly established Federal law, as determined by the
21 Supreme Court of the United States," or (2) "was based on an unreasonable determination
22 of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §
23 2254(d); see also Williams v. Taylor, 529 U.S. 362, 412–413 (2000). A state court's decision
24 is "contrary to" clearly established precedent if it (1) "arrives at a conclusion opposite to that
25 reached by [the Supreme Court] on a question of law," or (2) "decides a case differently than
26 [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S.
27 at 413. A state court's decision involves an "unreasonable application" of federal law if it
28 (1) "correctly identifies the governing rule but then applies it to a new set of facts in a way

that is objectively unreasonable," or (2) "extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). "When applying these standards, the federal court should review the last reasoned decision by a state court . . . ." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004) (internal quotations omitted).

**Discussion**

The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687–88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Id. at 689–90.

Here, the state court reviewing Petitioner's Petition for Post-Conviction Relief adopted the correct legal standard set forth in Strickland when addressing Petitioner's claims. Further, Petitioner has not argued that the state court decided this case differently than the Supreme Court on a set of materially indistinguishable facts. Thus, the state court's decision was not "contrary to" clearly established precedent.

The state court's decision was also a reasonable application of federal law. First, as set forth in the R&R, it was objectively reasonable for the state court to find that there was no reasonable probability that, but for counsel's failure to adduce evidence of Peyronie's Disease, the outcome at trial would have been different.[1] Second, as set forth in the R&R,

---

[1] The R&R also noted that Petition "presented no evidence that he even informed his trial attorney about his bent penis condition" and observed that "a lawyer cannot be held responsible for presenting evidence such as this if he knew nothing about it." (Doc. 24, at 5.) In his objection, Petitioner produced a deposition transcript in which he testified that his attorney knew about his Peyronie's Disease. Nevertheless, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Strickland, 466 U.S. at 670. Here, the Court agrees that Petitioner has failed to

- 3 -

1 it was objectively reasonable for the state court to determine that there was no reasonable
2 probability that, but for counsel's failure to call a defense DNA expert, the outcome at trial
3 would have been different.

4 Finally, after review of the record, the Court is satisfied that the state court's decision
5 was not based on an unreasonable determination of the facts in light of the evidence
6 presented in the state court proceeding.

7 Thus, Petitioner has not demonstrated that the state court's denial of post-conviction
8 relief was contrary to, or an unreasonable application of, clearly established federal law as
9 determined by the United States Supreme Court or that the order was based on an
10 unreasonable determination of the facts.  Because the evidence Petitioner claims his trial
11 lawyer should have presented would not have affected the outcome, an evidentiary hearing
12 to present such evidence would be futile.

13 Accordingly,

14 **IT IS ORDERED** the Report and Recommendation (Doc. 24) is **ADOPTED** and the
15 Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH**
16 **PREJUDICE**.  The Clerk of Court shall close this case.

17 DATED this 30th day of May, 2008.

_____
Roslyn O. Silver
United States District Judge

---

28 show sufficient prejudice.

- 4 -